THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Ryan Carideo

| | |
|---|---|
| **RYAN CARIDEO,** | UNITED STATES DISTRICT COURT DISTRICT COURT OF NEW JERSEY TRENTON |
| Plaintiff | |
| vs. | Civil Action No.:   -    (  -  ) |
| **BOROUGH OF SOUTH BOUND BROOK** ; **JEFFREY M. TITUS,** Chief of Police; **JOHN DOES 6-10** (fictitious individuals), Personnel of the Borough of South Bound Brook Police Department in supervisory capacities; **PAUL ROMANO** and **JOHN DOES 1-5,** members of the South Bound Brook Police Department, | **COMPLAINT** |
| Defendants. | |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

1

**PARTIES**

2. Plaintiff Ryan Carideo is and was at all times herein relevant, a resident of the State of New Jersey.

3. Defendant Paul Romano was at all times mentioned herein a duly appointed and acting police officer of the Borough of South Bound Brook Police Department and at all times herein was acting in such a capacity as the agent, servant and/or employee of Borough of South Bound Brook and was acting under the color of law.

4. Defendants Chief of Police Jeffrey M. Titus and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Borough of South Bound Brook Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Borough of South Bound Brook and were acting under the color of law.

5. Defendants Chief of Police Jeffrey M. Titus and/or John Does 6-10 were acting in supervisory capacities over Defendant Romano and responsible by law for the training, supervision and conduct of Defendant Romano.

6. Defendant Borough of South Bound Brook is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant Borough of South Bound Brook employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Jeffrey M. Titus, Paul Romano and/or John Does 6-10.

8. All Defendants are named in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.) On June 26, 2021, Plaintiff Ryan Carideo was an on duty South Bound Brook police officer.

2.) On that date, South Bound Brook police officer Defendant Paul Romano responded to a call regarding a possibly armed and suicidal individual.

3.) Plaintiff arrived as a back up officer.

4.) Following the incident, Plaintiff returned to police headquarters and spoke with Defendant Romano. Plaintiff told Defendant that the had handled the incident poorly, created a dangerous situation and questioned the procedures that he had followed in securing the arrestee.

5.) In response, Defendant said to Plaintiff, "In this job, you have to take risks and grab 'em by the b**ls," and lunged forward, putting his hand in Plaintiff's groin area as if he was going to grab him. There was no contact.

6.) Defendant then grabbed Plaintiff by his vest and pointed his loaded service weapon directly at Plaintiff's chest.

7.) Plaintiff told him to put the gun away. Defendant put the gun away and Plaintiff immediately left headquarters.

8.) Plaintiff contacted South Bound Brook Police Sergeant Pfieffer and advised him what had just occurred.

9.) Defendant Romano was ultimately suspended following an investigation into the incident.

3

10.) The department was and is aware of other incidents and complaints from citizens and other officers involving Defendant Romano demonstrating that he is an officer who is reckless and potentially dangerous.

## COUNT ONE
## SECTION 1983 UNLAWFUL SEIZURE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The aforementioned acts of Defendant Romano committed under color of state law was unjustified and objectively unreasonable under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3. Defendant's actions ( *grabbing Plaintiff and pointing his loaded firearm at Plaintiff's chest* ) was in violation of Plaintiff's right to be free from unreasonable seizure of his person under the Fourth Amendment of the Constitution of the United States, and the right to be free of the deprivation of liberty under the Fourteenth Amendment of the Constitution of the Unites States, made actionable through 42 U.S.C. Section 1983.

4. By reason of the above Plaintiff was deprived of his constitutional rights, sustained physical and emotional injuries, medical expenses, lost wages, and will incur additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Ryan Carideo demands judgment against Defendant Paul Romano on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 USE OF EXCESSIVE FORCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendant Romano, acting under color of state law used excessive and unreasonable force on Plaintiff's person, depriving Plaintiff of his right to be secure against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983. Specifically, Defendant grabbed Plaintiff and pointed his loaded firearm at Plaintiff's chest.

3. As a direct and proximate cause of the Defendant's excessive and unreasonable use of physical force set forth above, Plaintiff sustained physical and emotional injuries, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Ryan Carideo demands judgment against Defendant Paul Romano on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THREE
## SECTION 1983 SUPERVISORY LIABILITY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Titus and/or John Does 6-10 were supervisory officials and/or officers in charge on the date of the incident. Specifically, Defendant Titus was the Chief of Police. As such, Defendants Titus and/or John Does 6-10 were responsible for the department's Internal Affairs and Use of Force policies, practices, procedures and customs and also responsible for the

training and discipline of Borough of South Bound Brook police officers.

3. Defendants Titus and/or John Does 6-10 had a duty to prevent subordinate officers Defendant Romano from violating the constitutional rights of citizens and/or detainees.

4. Defendants Titus and/or John Does 6-10 either directed Defendant Romano to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinate's violations.

5. As a direct and proximate result of the acts of Defendants Titus and/or John Does 6-10 as set forth herein, Plaintiff sustained physical and emotional injuries, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined. in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Ryan Carideo demands judgment against Defendants Jeffrey M. Titus and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

**COUNT FOUR**
**SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE**
**INADEQUATE TRAINING**

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Borough of South Bound Brook , Borough of South Bound Brook Chief of Police Jeffrey M. Titus and/or John Does 6-10, are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews

pursuant to the Borough of South Bound Brook Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers. Defendants Titus and/or John Does 6-10 are responsible for training Police Officers in the use of force and/or were officers in charge on the date of the incident.

3. At all times mentioned herein, Defendant Romano, as a police officer, agent, servant and/or employee of Defendant Borough of South Bound Brook, was acting under the direction and control of Defendants Borough of South Bound Brook's Police Department, Titus and/or John Does 6-10, and was acting pursuant to the official policy, practice or custom of the Borough of South Bound Brook's Police Department.

4. Acting under color of law pursuant to official policy, practice, or custom, Defendants Borough of South Bound Brook, Titus and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Titus and Romano in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

5. Acting under color of law pursuant to official policy, practice, or custom, Defendants Borough of South Bound Brook, Titus and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on

individual and departmental levels. Defendants Borough of South Bound Brook, Titus and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

6. Defendants Borough of South Bound Brook, Titus and/or John Does 6-10 failed to adequately track departmental Internal Affairs complaints, administrative complaints and/or use of force incidents in violation of Borough of South Bound Brook Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

7. Defendants Borough of South Bound Brook, Titus and/or John Does 6- 10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against, Defendants Titus, Romano John Does 1-10, and/or other Borough of South Bound Brook Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests and unlawful searches ans seizures, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

8. More specifically, Defendants South Bound Brook, Titus and/or John Does 6-10 were aware of other incidents (*resulting in Internal Affairs Complaints; Administrative Complaints, and complaints made by other officers and/or Borough employees*) involving Defendant Romano demonstrating that he is an officer who is reckless and potentially dangerous.

9. Despite their awareness, Defendants Borough of South Bound Brook, Titus and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendant Romano, Titus, John Does 1-10 and/or other Borough of South Bound Brook Police Officers.

10. Defendants Borough of South Bound Brook, Titus and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Titus, Romano and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

11. Defendants Borough of South Bound Brook, Titus and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

12. Defendants Borough of South Bound Brook, Titus and/or John Does 6-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Romano, Titus and/or John Does 1-10 heretofore described.

13. As a direct and proximate result of the acts of Defendants Borough of South Bound Brook, Titus and/or John Does 6-10 as set forth herein, Plaintiff suffered physical and emotional injury, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United

States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Ryan Carideo demands judgment against Defendants Borough of South Bound Brook, Jeffrey M. Titus and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### SUPPLEMENTAL STATE LAW CLAIMS

### COUNT FIVE
### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive force, unlawful search and failure to supervise by Defendants Titus, Romano and/or John Does 1-10, set forth at length above, deprived plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act").

3. As a direct and proximate result of the aforesaid acts of Defendant Romano and/or Does 1-5, Plaintiff sustained physical and emotional injuries, medical expenses, lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Ryan Carideo demands judgment against Defendants Paul Romano and/or John Does 1-10, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SIX
## ASSAULT AND BATTERY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendant Romano was acting within the scope of his employment as a South Bound Brook police officer.

3. Defendant Romano committed an assault and battery on Plaintiff by physically injuring him without justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm.

4. The assault and battery committed by Defendant Romano was contrary to the common law of the State of New Jersey.

5. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

6. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery set forth in detail above, Plaintiff sustained permanent physical and emotional injuries, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Ryan Carideo demands judgment against Defendants Paul Romano and the Borough of South Bound Brook on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT SEVEN
## NEGLIGENCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. At all times relevant herein, Defendant Romano was acting within the scope of his employment as a South Bound Brook police officer.

3. Defendant Romano had a duty to the plaintiff to not expose him to an unreasonable risk of injury.

4. Through the acts and omissions set forth at length above, Defendant Romano breached that duty.

5. The acts of the Defendant were in violation of the common law of the State of New Jersey.

6. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

7. As a direct and proximate result of Defendant Romano's breach of duty to plaintiff and negligence, Plaintiff sustained permanent physical and emotional injuries, medical expenses, lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Ryan Carideo demands judgment against Defendants Paul Romano and the Borough of South Bound Brook on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT EIGHT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The actions of Defendant Romano set forth at length above were intentional, extreme and outrageous.

3. As a result of said conduct, Plaintiff sustained severe emotional distress that no person should be expected to endure.

4. The acts of the Defendant were in violation of the common law of the State of New Jersey.

5. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

**WHEREFORE**, Plaintiff Ryan Carideo demands judgment against Defendants Paul Romano and the Borough of South Bound Brook on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: May 18, 2022                    */s/ Thomas J. Mallon, Esquire*
                                       **THOMAS J. MALLON, ESQUIRE**